IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEONARD GEORGE GOOCH,         )<br>    ID # 1826609,                            )<br>        Petitioner,                    )<br>vs.                                                  )<br>                            )<br>LORIE DAVIS, Director,                 )<br>Texas Department of Criminal     )<br>Justice, Correctional Institutions Division,  )<br>        Respondent,                    ) | No. 3:16-CV-2666-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

Leonard George Gooch (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for assault-family violence in Cause No. F12-57715 in Criminal District Court #7 of Dallas County, Texas. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.    State Court Proceedings**

After the State indicted Petitioner for assault-family violence in violation of Texas Penal Code § 22.01 on July 31, 2012, (*see* doc. 10-2 at 9),[1] he pleaded not guilty and was tried before the

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

court on October 18, 2012.

Petitioner was charged with assault-family violence by "impeding the normal breathing and circulation of the complainant's blood by applying pressure to [her] throat and neck and by blocking [her] nose and mouth" with his hands. A police officer testified that he was called to a domestic disturbance at the complainant's residence. When he arrived, the complainant was crying and trembling and had visible injuries, including bruising, swelling of her right eye, and scratches and marks on her neck. Photographs of her injuries were admitted into evidence. The injuries were consistent with someone having placed his hands around her throat. The complainant gave a written statement to police, and Petitioner, who was still at the residence, was arrested.

At trial, the complainant was not cooperative with the State. She testified that Petitioner was her boyfriend, she had been dating him for three years, and she did not remember the night of the assault because she had been drinking. When asked if her written statement might refresh her memory, she responded that she did not know. She reviewed the statement and said that it was her statement, it was in her handwriting, and it contained her social security number and date of birth. She again said that she did not remember the night of the assault or giving the statement, and later testified that the handwriting appeared to be hers.

When the State began to question the complainant about the statement's contents, the trial court asked if the statement was being offered as a recorded recollection under Texas Rule of Evidence 8.03(5). The State said that it was, and Petitioner objected because the complainant did not testify that it was her statement, or that it was her handwriting, but only that it looked like her handwriting. The objection was overruled. The statement said that "he" was mad at her, choked her, and told her that he hated her and was going to kill her.

2

During his testimony, Petitioner denied assaulting the complainant, claiming that he had an injury from his military service that would have prevented him from choking her with his right hand. On cross-examination, he admitted he had prior convictions for murder and burglary. *See Gooch v. State*, No. 05–12–01501–CR, 2014 WL 1512474 at *1-2 (Tex. App. – Dallas Apr. 17, 2014).

Petitioner testified that the complainant had a roommate, and he did not know if they had an altercation. (*See* doc. 10-5 at 38.) The officer testified that there was a third person in the house, who told the officer that he was in his room at the time of the assault. The complainant never stated that the third person was the one who assaulted her. (*See id*. at 39-41.) Petitioner was arrested based on what the complainant told the officer. (*See id*. at 10.)

Petitioner was convicted of assault-family violence and sentenced to 20 years' imprisonment. (*See* doc. 10-2 at 12.) The judgment was affirmed on appeal. *See Gooch*, 2014 WL 1512474. The Texas Court of Criminal Appeals denied the petition for discretionary review. *Gooch v. State*, PD-591-14 (Tex. Crim. App. Aug. 20, 2014). Petitioner's state habeas application was signed on September 10, 2015, and received by the court on September 22, 2015. (*See* doc. 10-20 at 5, 16.) On August 24, 2016, it was denied without written order on the findings of the trial court. (Doc. 10-15); *see Ex parte Gooch*, WR-26,352-04 (Tex. Crim. App. Aug. 24, 2016).

**B.    Substantive Claims**

Petitioner's habeas petition, signed on September 12, 2016, raises the following grounds:

(1) The trial court admitted hearsay evidence;

(2) Trial counsel was ineffective for failing to:

    (a) adequately investigate the case and advance a third-person defense;

    (b) file motions;

3

      (c) effectively advise him about whether to accept a plea offer for a four-year sentence;

      (d) introduce expert testimony and medical records to support his defense;

  (3) Appellate counsel was ineffective for failing to raise the following issues:

      (a) ineffective assistance of trial counsel for failing to object to hearsay evidence;

      (b) insufficient evidence to support the conviction;

      (c) the court's abuse of discretion for denying a motion for a directed verdict;

  (4) There were cumulative errors by trial counsel and appellate counsel.

(*See* docs. 2 at 6-8; 3.)  Respondent filed a response on December 1, 2016. (Doc. 9.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to

4

procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

5

### III. EXHAUSTION AND PROCEDURAL BAR

Respondent argues that the claims regarding trial counsel's advice about a plea offer, appellate counsel's failure to raise a claim of ineffective assistance of trial counsel, and appellate counsel's cumulative errors are unexhausted and procedurally barred. (*See* doc. 9 at 2, 10-13.) She also contends that Petitioner's claim that the trial court erroneously admitted hearsay evidence in violation of his constitutional rights is procedurally barred. (*See id.* at 9-10.)

**A.     Exhaustion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Petitioner did not raise his claims about trial counsel's advice about a plea offer, appellate counsel's failure to raise a claim of ineffective assistance of trial counsel, and appellate counsel's cumulative errors in his petition for discretionary review, (*see* doc. 10-11 at 6), or his state habeas application, (*see* doc. 10-20 at 10-15, 25-44). They are therefore unexhausted.

**B.     Procedural Bar**

Notwithstanding the lack of exhaustion, the claims about trial counsel's advice about a plea

6

offer, appellate counsel's failure to raise a claim of ineffective assistance of trial counsel, and appellate counsel's cumulative errors in his petition for discretionary review are also procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id*. In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred). Here, if Petitioner brought his unexhausted claims in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider those claims to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so those claims are also procedurally barred from federal habeas review. *See Nobles v. Johnson*, 127 F.3d at 423.

In addition, Petitioner's claim that the trial court erroneously admitted hearsay evidence in violation of his constitutional rights because the State failed to lay the proper predicate for the admission of the complainant's written statement, (*see* doc. 3 at 6), is also procedurally barred. He raised the hearsay issue on appeal, and the appellate court held that he failed to preserve error by failing to raise a hearsay objection. *See Gooch*, 2014 WL 1512474 at *1-2.

Under Texas' contemporaneous objection rule, a party must make a timely objection with specific grounds for the desired ruling to preserve an issue for appellate review. *Cubas v. Thaler*, 487 F. Appx 128, 130 (5th Cir. 2012) (citing *Livingston v. Johnson*, 107 F.3d 297, 311 (5th

7

Cir.1997)). A procedural default premised on the petitioner's failure to comply with the Texas contemporaneous objection rule constitutes an adequate and independent bar to federal habeas review. *See Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) ("[w]e have recognized a federal petitioner's failure to comply with the Texas contemporaneous objection rule as an adequate and independent state procedural barrier to federal habeas review"); *Rowell v. Dretke*, 398 F.3d 370, 374–75 (5th Cir. 2005) (finding that a Texas petitioner's failure to timely object to alleged errors in a jury charge, barred federal habeas relief of the allegedly erroneous jury charge under the procedural default doctrine). The procedural default of a state defendant who fails to comply with the contemporaneous objection rule precludes federal habeas review of the claim absent a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 87(1977); *see also Nichols v. Scott*, 69 F.3d 1255, 1280 (5th Cir. 1995).

Petitioner's hearsay claim is also procedurally barred, and he has not alleged or shown cause and prejudice. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

### IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced

his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v.*

9

*Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.   Investigation; Advance Defense

Petitioner contends that counsel failed to investigate and advance a defense about the presence of a third person at the scene.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Here, the state habeas court found:

> Applicant claims that trial counsel failed to interview the complainant and a third party residing in the residence at the time the offense occurred. Trial counsel, whom this court finds to be credible, responds in his affidavit attached hereto as Exhibit A, that he was provided full discovery by the State and the discovery was shown to applicant. This discovery would have included the complaining witness's affidavit describing the assault. This Court judicially notes that the complaining witness testified at trial and did not implicate applicant in that she did not remember what happened the night of the assault. As to the "third person" at the location of the assault, this person was interviewed by the police on the night of the incident as reflected by trial testimony. If this witness had any evidence of exculpatory significance, it would have been discoverable by the defense at trial. Counsel's affidavit indicates that the State informed him that there was no evidence in the possession of the State which was exculpatory. The Court finds that trial counsel was not ineffective.

(*See* doc. 10-19 at 7.) Trial counsel's affidavit supported the trial court's findings. (*See id*. at 14.)

Petitioner does not allege what counsel failed to discover through investigation. The police officer testified that there was a third person in the house, the complainant did not indicate that the

10

roommate caused her injuries, and the roommate said that he was in his room at the time of the incident. Petitioner has not shown what would have been revealed by further investigation of the roommate and how it would have changed the outcome of the trial. *See Miller*, 420 F.3d at 361.

**B.      Motions**

Petitioner claims that counsel should have filed a motion in limine to determine outside the presence of the jury what evidence and testimony was admissible, so that counsel could have then anticipated what defense would have been the most practical to pursue. (*See* doc. at 11-12.)

Petitioner was tried by the court, and not by a jury. He has not shown that the trial court would have entertained a motion in limine where no jury was present, instead of making evidentiary rulings as issues and objections arose. He does not identify any specific evidence or testimony that should have been the subject of a motion in limine, and he does not explain how the defense at trial would have changed had any of the court's evidentiary rulings at trial been made before trial. Counsel was not ineffective for failing to make a futile motion. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections").

The state habeas court found that Petitioner failed to state what pretrial motions should have been filed and how the failure to file any motions harmed him. (*See* doc. 10-19 at 7.) Petitioner has not shown that the state court's rejection of this claim was unreasonable.

**C.      Expert and Medical Records**

Petitioner contends that counsel failed to present expert testimony and medical records to support his testimony that his right hand was injured during military service and that he could not have committed the offense.

11

Claims of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, a petitioner must name the witness, demonstrate that the witness was available to testify and would have testified, set out the content of the proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id.*

The state habeas court found that the medical records Petitioner referred to were from 1983, which was 29 years before trial, and that the medical records were too old to have been relevant, persuasive, or probative about the condition of Petitioner's hand at the time of the offense. The court noted that Petitioner testified that he could use his hand, but that if he closed it, it would not open. (*See* doc. 10-19 at 10.)

Movant has not identified any potential witnesses that counsel should have called and stated what their testimony would have been. He has not shown that an expert or medical records would have supported his testimony that he was physically incapable of committing the offense. He is not entitled to relief on this conclusory claim. *See Woods*, 870 F.2d at 288 n.3. He has not shown that the state court's rejection of this claim was unreasonable.

### D.     **Cumulative Error**

Petitioner contends that he was harmed by trial counsel's cumulative errors. "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so

12

infected the entire trial that the resulting conviction violates due process.'" *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.1992)).

The state court rejected Petitioner's claims that trial counsel was ineffective. He has not shown that counsel rendered ineffective assistance. He has not shown that the state court's rejection of this claim was unreasonable.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' " *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Petitioner contends that appellate counsel failed to raise an issue about the sufficiency of the evidence to support the conviction and about the trial court's abuse of its discretion in denying a

motion for a directed verdict. Both issues challenge the sufficiency of the evidence.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

The state habeas court set out evidence from the trial. The officer investigating the disturbance was told by the complainant that Petitioner was the person who assaulted her. The officer testified that he arrested Petitioner based on what the complainant told him. The officer saw that the complainant had marks on her neck. Photographs of her injuries showed signs that she was choked. There were scratches and bruises on her neck consistent with someone placing their hand or hands around her neck. The complainant written statement said that her assailant choked her. (*See* doc. 10-19 at 11.) The court stated that a challenge to the denial of a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. (*See id*. at 9.) The court determined that "there was evidence introduced upon which a rational trier of fact could have found the evidence sufficient. *See Jackson v. Virginia*, 443 U.S. 307, 319 [(1979)]." (*See id*. at 8.) The court concluded that Petitioner did not show that appellate counsel was ineffective. (*See id*. at 12.)

14

Petitioner has not shown that the state court's rejection of these claims was unreasonable.

## VI.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary.  Petitioner has not shown he is entitled to an evidentiary hearing.

## VII.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED** this 24th day of July, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE